# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| Phillip Thigpen and Paula Thigpen, | ) | |
| | ) | Case No. 12 B 50810 |
| Debtors. | ) | |
| _____ | ) | |
| | ) | Judge Carol A. Doyle |
| Phillip Thigpen and Paula Thigpen, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Adversary No. 13 A 01060 |
| | ) | |
| Father & Sons Home Improvement II, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The debtors, Phillip and Paula Thigpen, brought this adversary proceeding seeking to "strip off" a mechanic's lien filed against their home by Father & Sons Home Improvement II, Inc. They allege that their mortgage lender has a higher priority lien and that there is no collateral value to support Father & Sons' mechanic's lien. Father & Sons filed a motion for summary judgment, arguing that its mechanic's lien has first priority to the extent of the value of the improvements it made to the debtors' property. It therefore contends that its lien is supported by collateral value and cannot be "stripped off" in a chapter 13 plan. Father & Sons is correct. Its motion for summary judgment will be granted.

Background and Undisputed Facts

Father & Sons built a second floor addition on the debtors' home in 2009 for a cost of approximately $184,000. It properly perfected its mechanic's lien. U.S. Bank Home Mortgage holds a mortgage lien that was filed before the mechanic's lien. U.S. Bank is owed approximately $235,000. The debtors contend that their home is now worth only $126,000. They argue that U.S. Bank's lien has higher priority than Father & Sons' lien because it was filed first. The debtors therefore seek to "strip off" the Father & Sons' mechanic's lien - meaning treat it as wholly unsecured - because there is no collateral value to support its lower priority lien.

Father & Sons moved for summary judgment, arguing that it has a first priority lien under the Illinois Mechanic's Lien Act ("Act") to the extent of the value of the improvements it made to the debtors' home. It therefore contends there is collateral value to support its lien, so it cannot be "stripped off" and paid as an unsecured claim.

The debtors do not contest the validity of Father & Sons' mechanic's lien; they contest its priority. They argue that the Act does not give a mechanic's lien claimant a first priority lien, but instead grants only the right to receive payment in the event of a sale. There will be no sale in this chapter 13 case, so the debtors contend that the Act does not give Father & Sons priority over U.S. Bank.

Summary Judgment

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact

2

and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see* Fed. R. Bankr. P. 7056 (applying Rule 56 of the Federal Rules of Civil Procedure to adversary proceedings); *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491 (7th Cir. 2000). Here, all the facts that matter are undisputed. The only disputed fact is the value of the debtors' home. As discussed below, however, the court need not determine the value of the home to decide the issue presented.

Priority Under the Illinois Mechanic's Lien Act

The Act determines the priority of the liens against the debtors' property in this case. Section 16 of the Act provides that a lien created by the Act must be satisfied before any other lien, filed before or after the mechanic's lien, has been satisfied. 770 ILCS 60/16. It further provides that, when the proceeds of sale are insufficient to pay all lien holders, previous lien holders have priority over mechanic's lien holders only to the extent of the value of the property before the improvements were made, while mechanic's lien holders have priority for the value they added to the property. Section 16 states:

> § 16. *No incumbrance* upon land, *created before or after the making of the contract for improvements* under the provisions of this act, *shall operate* upon the building erected, or materials furnished *until a lien in favor of the persons having done work or furnished material* (hereinafter "lien creditor") *shall have been satisfied*, and upon any questions arising between incumbrancers and lien creditors, all previous incumbrances shall be preferred only to the extent of the value of the land at the time of making of the contract for improvements, but shall not be preferred to the value of any subsequent improvements, and each lien creditor shall be preferred to the value of all the subsequent improvements erected on said premises, whether or not provided by the lien creditor, and the court shall ascertain by jury or otherwise, as the case may require, what proportion of the proceeds of any sale shall be paid to the several parties in interest. ... When the proceeds of a sale are insufficient to satisfy the claims of both previous incumbrancers and lien creditors, the proceeds of the sale shall

3

> be distributed as follows: (i) any previous incumbrancers shall have a paramount lien in the portion of the proceeds attributable to the value of the land at the time of making of the contract for improvements; and (ii) any lien creditors shall have a paramount lien in the portion of the proceeds attributable to the value of all subsequent improvements made to the property.

770 ILCS 60/16 (emphasis added).

The debtors argue that section 16 does not give mechanic's lien holders first priority over lien holders who filed before them because it does not use the word "priority," and because the second sentence expressly provides for distribution of proceeds upon sale of the property. They contend that the section applies only when there is a sale, which is not contemplated in this chapter 13 case. The debtors therefore assert that the general rule of first-in-time, first-in-right applies to give U.S. Bank the first priority lien on the property, leaving Father & Sons with no collateral value to support its mechanic's lien.

Debtors cite no authority for this novel interpretation of the Act, and they fail to acknowledge and attempt to distinguish Illinois authority directly to the contrary. In *In LaSalle Bank Nat'l Assoc. v. Cypress Creek 1, LP*, 242 Ill.2d 231, 237 (2011), the court held that "[t]he Act modifies the common law first-in-time, first-in-right rule ... by affording lienholders partial priority over pre-existing mortgages when the proceeds of a foreclosure sale are insufficient to satisfy all claims ..." The court found that the statute "clearly and unambiguously prioritizes lien creditors ... to the value of their improvements and the prior incumbrancer to the value of the land at the time the contract with the lienholder was made." *Id.* at 239. Thus, the Illinois Supreme Court has expressly recognized that section 16 of the

4

Act confers first priority, not something less, on mechanic's lien holders, and that they trump pre-existing mortgages to the extent of the value of the improvements.

As the *LaSalle* court implicitly recognized, section 16 need not contain the word "priority" to create a first priority lien. It provides that "no incumbrance . . . created before or after the making of the contract for improvements . . .shall operate . . . until a lien in favor of the person having done work .... shall have been satisfied . . . ." 770 ILCS 60/16. In other words, no other lien is effective on the property until the mechanic's lien is satisfied, so mechanic's liens must be paid first, ahead of all other liens. This is the essence of priority: the right to be paid first, ahead of other claimants, from proceeds of sale. *See Black's Law Dictionary* (9th ed. 2009) (defining priority as "[a]n established right to . . . precedence; esp., a creditor's right to have a claim paid before other creditors of the same debtor receive payment."). The debtors' corollary argument that the language in section 16 regarding the division of proceeds of sale when there is not enough money to pay all lien claimants somehow deprives mechanic's lien holders of priority unless and until there is a sale defies logic. The right to be paid first upon sale is the definition of priority; it does not negate it. These arguments have no merit.

Father & Sons has a first priority lien under the Act to the extent of the value of the improvements it made to the debtors' home. While the parties dispute the actual value of the home, there is no doubt that Father & Sons added significant value to the home by adding an entire second floor. It holds a first priority lien to the extent of the value of this addition, which provides collateral value for its lien. Its lien, therefore, cannot be stripped off in the

debtors' chapter 13 plan.  Instead, under § 1325(a)(5)(B)(ii), the debtors must pay Father & Sons the allowed amount of the secured claim, which is the value added to the home by Father & Sons, over the course of the plan.

The court need not determine in this adversary proceeding the value of the collateral supporting Father & Son's first priority lien.  The debtors sought in their complaint only to strip off the lien as wholly unsecured.  Based on the undisputed facts and Illinois law, there is collateral value supporting Father & Sons' lien so it cannot be stripped off.  Father & Sons is therefore entitled to summary judgment.

Conclusion

Father & Sons' motion for summary judgment is granted.  It has a first priority lien on the debtors' property to the extent of the value it added to the home.  The debtors may not "strip off" this first-priority lien and treat it as an unsecured claim.


Dated:   March 20, 2014

ENTERED:

_____
Carol A. Doyle
United States Bankruptcy Judge